UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIMEE O'NEIL,  Case No. 25-10981

    Plaintiff,  F. Kay Behm
v.  United States District Judge

TIM O'NEIL,

    Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2) AND SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT (ECF No. 1)**

Plaintiff, Aimee O'Neil, proceeding *pro se*, filed a complaint against Defendant Tim O'Neil on April 7, 2025. (ECF No. 1). Plaintiff alleges violations of 18 U.S.C. § 1201 and 18 U.S.C. § 1591. *Id.* Plaintiff filed an application to proceed in forma pauperis on April 7, 2023. (ECF No. 2). The court now finds the application supports her claims and **GRANTS** Plaintiff's application to proceed in forma pauperis. However, for the reasons set forth below, the court **DISMISSES** Plaintiff's complaint without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e).

**I.     STANDARD OF REVIEW**

The court must read a *pro se* complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). All complaints, however, must plead facts sufficient to show that a legal wrong has been committed from which the plaintiff may be granted relief. *See* Fed. R. Civ. P. 12(b)(6). A complaint need not contain "detailed factual allegations," however, a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

When an individual applies to proceed *in forma pauperis*, their claim is subject to the screening standards established in 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000). Congress introduced this subsection with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under this subsection, a court may dismiss a claim if it: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be

granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. Frivolous claims include those that are "based on an indisputably meritless legal theory" or describe "fantastic or delusional scenarios." *Id.* at 327-28.

## II.  ANALYSIS

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678. Additionally, a claim must have "facial plausibility," meaning it includes facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Plaintiff's complaint reads in its entirety as follows:

> Tim O'Neil has engaged in federal kidnapping 18 USC 1201[1] by interfering, threatening and obstructing Liberty by engaging in forced homosexual sex trafficking 18 USC 1591 by conspiring to interfere with a medical emergency on myself Aimee O'Neil. Tim O'Neil used a Cathrine Bebee to engage in non consenting [sic] human research without consent.

(ECF No. 1, PageID.5).  Outside of these general and minimal allegations, Plaintiff fails to assert a factual basis for any of her claims.  Further, Plaintiff does not detail the circumstances surrounding the alleged violations or describe how the named defendant is specifically responsible.  Accordingly, Plaintiff's complaint does not cross the line "from conceivable to plausible," and cannot proceed without additional specific details about the incident in question.  *Twombly*, 550 U.S. at 570.

## III.   CONCLUSION

After a careful review of Plaintiff's complaint, taking all allegations as true, the court is unable to discern any cognizable cause of action.  Plaintiff's complaint fails to state a claim upon which relief could be granted.  Therefore, while

---

[1] Title 18 U.S.C. § 1201 is a criminal statute that does not authorize a plaintiff to bring a civil claim.  *El v. Perez*, 2021 WL 738948, at *2 (W.D. Mich. Feb. 3, 2021), report and recommendation adopted, 2021 WL 736401 (W.D. Mich. Feb. 25, 2021) (citing *Harnden v. Croswell-Lexington Cmty. Schs.,* 2016 WL 2731188, at *2 (E.D. Mich. May 11, 2016) ("there is no private right of action for purported violations of the Federal Kidnapping Act")).

Plaintiff's application to proceed in forma pauperis is **GRANTED**, Plaintiff's complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e).

**SO ORDERED**.

Date: April 11, 2025                    s/F. Kay Behm
                                        F. Kay Behm
                                        United States District Judge